STATE OF NEW JERSEY v. JOHN GARNER.

Decided July 26, 1926.

Crimes—Incest—Reversal Asked on Account of Nature of Evidence Admitted and Nature of Evidence Refused—Conviction Affirmed.

On error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Oliver K. Day.*

For the state, *Albert H. Holland,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon an indictment charging him with incest with his daughter Lucille, who was fourteen years of age at the time of the alleged commission of the offense. The trial resulted in his conviction, and he has sued out the present writ of error to review the validity thereof.

The first ground upon which we are asked to reverse the conviction is that the trial court erred in overruling the following question put to a sister of Lucille Garner and also a daughter of the defendant: "Did you tell the grand jury

that you slept with your father on March 29th?" The witness was called by the state and the question was asked upon cross-examination, she having testified on her direct examination that she had on that night and on other occasions slept in the same bed with her father. It is conceded before us by counsel for the defendant that the subject-matter of the question had nothing to do with the matter in issue, but he contends that it was proper for the purpose of impeaching the credit of the witness. He stated at the trial that this was the purpose in asking the question, but at the same time informed the trial court that he had no intention of calling a member of the grand jury to contradict the witness if she answered the question in the affirmative. In this situation such an answer to the question could not have tended to discredit the witness, for to do this it would have been necessary to have shown that it was untrue.

The next ground of reversal argued challenges the action of the court in permitting the prosecutor of the pleas to ask one Sturgis, a witness produced by the defendant, who had been called to testify to the reputation of the latter, and who had stated that it was good, the following question: "Now, Mr. Sturgis, if he was sleeping with his two daughters, his two girls, would you say his reputation was very good?" Whether this question was proper on cross-examination is not necessary for us to consider, for it was not answered by the witness either one way or the other; and so, even if the admission of the question be assumed to have been improper, the action of the trial court was thus rendered harmless.

Thirdly, and lastly, it is argued that the court improperly permitted the same witness to be asked by the prosecutor the following question: "And these girls never made any complaint direct to you?" The answer was in the negative, and, if the question was objectionable, it was rendered non-injurious to the defendant by the answer given to it.

We find nothing meritorious in the reasons upon which a reversal is asked, and the judgment under review will be affirmed.